UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| WILLIE WATSON, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:11CV2214 FRB |
| NEIGHBORS CREDIT UNION, et al., | ) |  |
| Defendants. | ) |  |

**OPINION, MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Willie Watson for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either

law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989).  An action fails to state a claim upon which relief can be granted if does not plead "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic Corp. V. Twombly, 127 S. Ct. 1955, 1974 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  Haines v. Kerner, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  Denton v. Hernandez, 504 U.S. 25, 32-33 (1992).

**The Complaint**

Plaintiff brings this action against defendants Neighbors Credit Union, Lawrence Geesing, and Tri-Star Recovery Towing.  As the grounds for filing this case in Federal Court, plaintiff states, "Theif [sic] by unlawful taking; violations of ADA; 14th Amendment due process, entitlement to default judgement [sic]."

Plaintiff alleges that Neighbors Credit Union violated his loan contract by placing "forced insurance on plaintiff's car" in the sum of $3,500.  When plaintiff demanded that the insurance be removed, Neighbors Credit Union "had Tri-Star Recovery steal [his] license plates, car, and personal effects." Plaintiff states that "the insurance company totaled and paid [his] car off," and he filed a replevin lawsuit in

state court. Neighbors Credit Union claimed that plaintiff's car had been repossessed, but plaintiff maintained "[theft] by unlawful taking." Thereafter, Neighbors Credit Union "placed the entire original loan balance on plaintiff's credit file [and] levied his disability income and closed out all of his accounts." Plaintiff asks this Court to grant him his "replevin request."

**Discussion**

Having carefully reviewed plaintiff's allegations, the Court concludes that this action will be dismissed for lack of subject matter jurisdiction. Federal district courts are courts of original jurisdiction; they lack subject matter jurisdiction to engage in appellate review of state court decisions. Postma v. First Fed. Sav. & Loan, 74 F.3d 160, 162 (8th Cir. 1996). Thus, to the extent that plaintiff is requesting this Court to review the merits of his state replevin action, this Court lacks the jurisdiction to do so. "Review of state court decisions may be had only in the Supreme Court." Id.

Moreover, plaintiff does not allege, nor does it appear, that diversity of jurisdiction exists in this case.[1] Thus, even if the Court were to liberally construe this action as having been brought under 28 U.S.C. § 1332, subject matter jurisdiction would be lacking.

---

[1]Plaintiff lists his address and that of Neighbors Credit Union as being in St. Louis, Missouri.

Liberally construing this action as arising under Title II of the American's with Disabilities Act (ADA), 42 U.S.C. § 12131 *et seq.*, the complaint fails to state a claim. Title II of the ADA "prohibits qualified individuals with disabilities from being excluded from participation in or the benefits of the services, programs, or activities of a public entity." Randolph v. Rodgers, 170 F.3d 850, 857 (8th Cir. 1999).

> To state a prima facie claim under the ADA, a plaintiff must show: 1) he is a person with a disability as defined by statute; 2) he is otherwise qualified for the benefit in question; and 3) he was excluded from the benefit due to discrimination based upon disability.

Id. at 858. Plaintiff's allegations fail to state a prima facie claim under the ADA.

For these reasons, the Court will dismiss this action for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint, because the Court lacks subject matter jurisdiction over this case.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 18th day of January, 2012.

					_____
						HENRY EDWARD AUTREY
						UNITED STATES DISTRICT JUDGE